

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00079-CV

**ESTATE OF SHARON GAIL KOON BLYTHE, DECEASED**

On Appeal from the County Court
Lubbock County, Texas
Trial Court No. CC-2024-PR-0553, Honorable Curtis A. Parrish, Presiding

June 30, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellant, Stacey Richardson Galloway, appearing pro se, appeals from an order entered by the trial court in these probate proceedings. After providing Galloway with notice and opportunity to cure defects in her appellate brief, she failed to file a compliant brief. We therefore strike her brief and dismiss the appeal.

Galloway's brief was due May 28, 2026. On that date, she filed several handwritten and typed documents, together with various exhibits, which we construed as her appellate brief. Her brief, however, fails to identify any purported trial court error, cite any applicable law or legal standards, or include any references to the appellate record. By letter dated May 29, 2026, we notified Galloway that her brief did not substantially comply with Rule

of Appellate Procedure 38.1 and directed her to file an amended brief by June 12, 2026. We further warned that failure to do so could result in the brief being stricken and the appeal dismissed.  *See* TEX. R. APP. P. 38.9(a).  Galloway did not respond.

Although appellate rules are construed liberally to preserve the right to appellate review, courts are not required to search the record or perform legal research on a party's behalf.  *See McBride v. Rios-Flores*, No. 08-25-00282-CV, 2026 Tex. App. LEXIS 3795, at *2 (Tex. App.—El Paso Apr. 22, 2026, no pet.) (mem. op.).  When briefing rules are flagrantly violated, an appellate court may require amendment and, if the defects are not cured, strike the brief and proceed as though no brief was filed.  TEX. R. APP. P. 38.9(a). If an appellant fails to file a brief, the court may dismiss the appeal for want of prosecution. TEX. R. APP. P 38.1(a)(1).

Because Galloway failed to cure the substantial deficiencies in her brief after notice and an opportunity to amend, we strike the brief, treat the case as one in which no brief was filed, and dismiss the appeal for want of prosecution.  *See* TEX. R. APP. P 38.1(a)(1), 38.9(a), 42.3(b); *Shockley v. Yalk*, No. 07-22-00128-CV, 2023 Tex. App. LEXIS 938, at *1 (Tex. App.—Amarillo Feb. 14, 2023, no pet.) (mem. op.) (per curiam) (striking appellant's brief because of flagrant non-compliance with briefing rules and dismissing appeal for want of prosecution).

The appeal is dismissed.

Per Curiam